# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

2016-SC-000050-MR

JOHNATHAN YOUNG                                      APPELLANT

ON APPEAL FROM MONROE CIRCUIT COURT

V.                 HONORABLE DAVID L. WILLIAMS, JUDGE
NO. 10-CR-00109-002

COMMONWEALTH OF KENTUCKY                      APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Johnathan Young, was convicted by a Monroe Circuit Court jury of murder by complicity, first-degree robbery by complicity, and second-degree arson by complicity. On appeal, this Court reversed Appellant's conviction and vacated his sixty-five year prison sentence on the basis of improper jury instructions. *Young v. Commonwealth*, 426 S.W.3d 577 (Ky. 2014). Therein, we provided the following factual background:

> During the early morning hours of August 26, 2010, fire and rescue workers responded to a report of a house fire at the home of Thomas Max Martin. The responders found the home totally engulfed in flames and discovered Martin dead inside the home. Although his body was badly burned, there were two suspicious round holes in his skull. An autopsy of Martin's body confirmed that his cause of death had been two gunshot wounds to the head, not the fire at his residence.

Police soon learned that on the evening of the fire, a neighbor had visited Martin at his home at approximately 10:00 p.m. on August 25, and that at the time he had visited, two other men had been with Martin. The neighbor stated that one of the men went by the name "Jess." This information led police to focus their investigation on Jesse Parke and his eventual co-indictee, the Appellant.

*Young*, 426 S.W.3d at 579.

After we reversed and vacated Appellant's conviction and sentence in 2014, Appellant was retried and convicted by a Monroe Circuit Court jury of complicity to murder, complicity to second-degree arson, and complicity to theft by unlawful taking under $500. He was sentenced to twenty-five years' imprisonment. Appellant now appeals his conviction and sentence as a matter of right. *See* Ky. Const. § 110(2)(b). He raises only one issue.

## Analysis

During Appellant's trial, the Monroe Circuit Court bailiff would open each day of Appellant's three day trial by announcing: "All Rise: Circuit Court is now in session, Judge David Williams presiding. Please bow with me for a moment of silent prayer." After a brief pause, the court commenced trial. This occurred in the presence of Appellant and the jury. Appellant now claims that this invocation of prayer was in error, and that reversal of his conviction is required. Because this issue was not properly preserved, we will review for palpable error. *See* RCr 10.26; and *McCleery v. Commonwealth*, 410 S.W.3d 597, 606 (Ky. 2013) (we will not reverse unless "it can be determined that manifest injustice, i.e., a repugnant and intolerable outcome, resulted from that error."). *See also Walker v. Commonwealth*, 349 S.W.3d 307, 313 (Ky.

2

2011) ("even alleged constitutional errors, if unpreserved, are subject to palpable error review.").

The underlying basis for Appellant's appeal is an alleged violation of the First Amendment's Establishment Clause. A similar issue was aptly addressed in *Bates v. Secretary, Florida Department of Corrections*, 768 F.3d 1278 (11th Cir. 2014). The *Bates* court ultimately denied the petitioner's habeas corpus petition and provided the following relevant analysis:

> The trouble for Bates here is that the Establishment Clause is not a trial right; a violation of the Establishment Clause at trial does not, standing alone, enable a criminal defendant to challenge his conviction.
>
> ...
>
> [However,] [w]hen religion is the basis of a due process challenge, courts look to whether the religious features of the trial substantially impaired the fairness of the proceeding; they do not ask, in the abstract, whether the events at trial violated the Establishment Clause.

*Id.* at 1289-90. *See also, e.g., United States v. Walker*, 696 F.2d 277, 282 (4th Cir.1982) ("[The defendants] are not entitled to such a reversal [of their convictions] unless the content of the prayer substantially impaired the fairness of their trial.").

The evidence against Appellant was clearly significant. He had been convicted by two different juries. In addition, he has failed to raise any other claim of error on appeal other than the present issue, thus indicating the propriety of his trial. Appellant also invoked religion during the penalty phase of trial by having multiple family members testify to their family's strong evangelical religious convictions. Therefore, under the specific facts of the

3

present case, we cannot say that the several silent prayers impaired the fairness of Appellant's trial. There was certainly no palpable error here.

## Conclusion

For the foregoing reasons, we hereby affirm the judgment of the Monroe Circuit Court.

All sitting. Minton, C.J.; Cunningham, Hughes, VanMeter, Venters, and Wright, JJ., concur. Keller, J., concurs in result only.

COUNSEL FOR APPELLANT:

Samuel N. Potter
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Jeffrey Allan Cross
Assistant Attorney General